MICHAEL J. KHOURI, ESQ. [SBN 97654]
Email: mkhouri@khourilaw.com
ANDREW B. GOODMAN, ESQ. [SBN 267972]
Email: agoodman@khourilaw.com
KHOURI LAW FIRM, APC
24012 Calle De La Plata, Suite 210
Laguna Hills, California 92653
Telephone: (949) 336-2433
Fax: (949) 387-0044



FILED
CLERK, U.S. DISTRICT COURT
OCT 27 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for qui tam plaintiff JANE WINTER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JANE WINTER,<br><br>Plaintiff,<br><br>vs.<br><br>GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC. D/B/A TRI-CITY REGIONAL MEDICAL CENTER, a California Corporation; ROLLINSNELSON LTC CORP., a California Corporation; S&W HEALTH MANAGEMENT SERVICES, INC., a California Corporation; VICKI ROLLINS, an individual; BILL NELSON, an individual; BERYL WEINER, an individual; PRODE PASCUAL, M.D., an individual; RAFAELITO VICTORIA, M.D., an individual; ARNOLD LING, M.D., an individual; CYNTHIA MILLER-DOBALIAN, M.D., an individual; EDGARDO BINOYA, M.D., an individual; NAMIKO NERIO, M.D., an individual; MANUEL SACAPANO, M.D., an individual,<br><br>Defendants. | Case No. 2:14-cv-08850-JFW-E<br><br>**[PROPOSED] PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF HEALTH INFORMATION AND CONFIDENTIAL INFORMATION**<br><br>[Stipulation submitted concurrently] |

1

Upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential information, including Protected Health Information and proprietary business information, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure ("FRCP").

2. As used in this Protective Order:

   (a) "Document" is defined as provided in FRCP 34(a), including any electronically-stored information, or tangible thing. A draft or non-identical copy is a separate document within the meaning of this term.

   (b) "Protected Health Information" or "PHI" means "protected health information" as defined in 45 C.F.R. § 160.103, and also includes individually identifiable information that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or the provisions of 42 U.S.C. § 1306. "Protected Health Information" shall include, but is not limited to, medical records, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

   (1) names;

(2) all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

(3) all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(4) telephone numbers;

(5) fax numbers;

(6) electronic mail addresses;

(7) social security numbers;

(8) medical record numbers;

(9) health plan beneficiary numbers;

(10) account numbers;

(11) certificate/license numbers;

(12) vehicle identifiers and serial numbers, including license plate numbers;

(13) device identifiers and serial numbers;

(14) web universal resource locators ("URLs");

(15) internet protocol ("IP") address numbers;

(16) biometric identifiers, including finger and voice prints;

(17) full face photographic images and any comparable images; and/or

(18) any other unique identifying number, characteristic, or code

(c) "Proprietary or Financial Information" means trade secret or other confidential research, development, or commercial information entitled to protection under FRCP 26(c)(1)(G), as well as confidential financial, commercial, or personal

information to the extent not already covered by FRCP 26(c)(1)(G).

 (d) "Covered Entity or Entities" means "covered entity" as defined in 45 C.F.R. § 160.103.

 (e) "Litigation" is understood to include all appellate proceedings or the expiration of time to commence such appellate proceedings.

 (f) "Conclusion" is understood to include the time for any records retention requirement and statute of limitations applicable to a party or a party's counsel.

3. Information designated as "CONFIDENTIAL" pursuant to this Protective Order (hereinafter "CONFIDENTIAL Information") shall be information that contains PHI or Proprietary or Financial Information. This Protective Order shall only apply to that PHI or Proprietary or Financial Information that has been designated as "CONFIDENTIAL" in the litigation of this case.

4. CONFIDENTIAL Information shall not be disclosed or used for any purpose other than the litigation of this case.

5. Upon producing PHI or Proprietary or Financial Information to a Party pursuant to a discovery request or other lawful process, the producing Party should designate a Document with PHI or Proprietary or Financial Information as "CONFIDENTIAL." To designate a Document with PHI or Proprietary or Financial Information as "CONFIDENTIAL," the producing Party shall, if practical, designate "CONFIDENTIAL" on every page of the Document with PHI or Proprietary or Financial Information in the same manner in which every page is bates stamped. If not practical to designate "CONFIDENTIAL" on the Document, then the producing Party shall designate the Document as Confidential in correspondence, a response to a discovery request, or in some other manner

reasonably giving notice of the designation. It is "practical" to designate "CONFIDENTIAL" on every page of the Document if the Document is produced with a Bates stamp on every page. It is not "practical" to designate "CONFIDENTIAL" on every page of the Document if the Document is a spreadsheet or presentation file produced in native format (e.g., Microsoft Excel, PowerPoint, or Access).

6. The parties shall permit only the following persons, who shall be referred to herein as "Authorized Representatives," to have access to CONFIDENTIAL Information:

    (a) the parties and their employees deemed necessary by counsel for the respective party to review the information;

    (b) the parties' legal counsel and their employees;

    (c) any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service ("service providers"), engaged by a party or a party's legal counsel in this case;

    (d) the parties' experts and consultants, and their employees as deemed necessary by counsel for the respective party to review the information;

    (e) such other persons if this Court so orders or if the parties agree in writing;

    (f) the author or recipient of a document containing the Confidential Information, or a custodian or other person who otherwise possessed or knew the information;

    (g) during depositions and deposition preparation, witnesses to whom disclosure is reasonably necessary;

    (h) the court and any appellate court, necessary court personnel,

any mediator or arbitrator engaged by the parties, and jurors.

7. The parties shall ensure that each Authorized Representative who reviews or is given access to another party's CONFIDENTIAL Information reads, agrees to, and signs a copy of this Protective Order. The parties' legal counsel shall maintain the copy of the Protective Order as signed by each Authorized Representative and shall permit the opposing party's legal counsel to inspect said copy or copies upon a showing of good cause.

8. CONFIDENTIAL Information shall not be filed with or submitted to the Court or reproduced in any court filing unless (1) the Document or filing is filed under seal and otherwise complies with the Court's Amended Standing Order (Dkt. 65 at pp. 14:19—17:17), or (2) all PHI is de-identified in accordance with HIPAA (see 45 C.F.R. § 164.502(d); 45 C.F.R. § 164.514(a)-(b)), or all Proprietary or Financial Information is removed.

9. No later than 90 days following the conclusion of the litigation of this case as defined in Paragraph 2 above, the parties and their Authorized Representatives shall destroy or return to the opposing party's legal counsel all CONFIDENTIAL Information, together with a verified certification that, to the best of his and their Authorized Representatives' knowledge, information, and belief, all CONFIDENTIAL Information has been returned or destroyed. Notwithstanding this provision, counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Proprietary or Financial Information. Any such archival copies that contain or constitute Proprietary or Financial Information remain subject to this Order.

**TERMS SPECIFIC TO PROTECTED HEALTH INFORMATION**

10. This Protective Order is a "Qualified Protective Order" as that term is used in 45 C.F.R. § 164.512(e).

11. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with the Health Insurance Portability and Accountability Act ("HIPAA"), the parties and the parties' legal counsel in this case, the employees and agents of each party and each party's legal counsel in this case, and all non-party Covered Entities are expressly and specifically prohibited from using or disclosing PHI in accordance with this order for any purpose other than the Litigation.

12. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, each deponent noticed for deposition in this case, including but not limited to a party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the parties' legal counsel in this case and the employees and agents of each party and each party's legal counsel in this case, the PHI that is responsive to deposition questions or a valid subpoena duces tecum.

13. Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically authorized to do so with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service provider ("service providers"), engaged by a party or a party's legal counsel in this case. The protections and requirements of Paragraphs 4 and 9 of this Protective Order apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service provider to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to this court's jurisdiction during the pendency of this case for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

14. Except for business associate agreements (as defined by HIPAA)

7

entered into by a party or a party's legal counsel for purposes of satisfying the requirements of Paragraph 11 above, the uses and disclosures of PHI authorized under this Protective Order are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any party, any party's legal counsel, or any disclosing person or entity. No use or disclosure made pursuant to this Protective Order shall be deemed to require the execution of a business associate agreement (as defined by HIPAA). The intent of this Protective Order is that such business associate agreements, including any requirement for such agreements under the HIPAA regulations, should be construed as inapplicable to uses and disclosures under this Protective Order and as limited only to uses and disclosures of PHI outside of this Protective Order.

**TERMS SPECIFIC TO PROPRIETARY INFORMATION**

15.  For Documents containing Proprietary or Financial Information designated as "CONFIDENTIAL," a party's or a non-party's production of the Documents in this case shall not be construed as waiving or diminishing the Party's or the non-party's interests in and rights to the confidentiality of Proprietary or Financial Information.

**GENERAL PROVISIONS**

16.  The parties may use and disclose CONFIDENTIAL Information during depositions; however, effort should be made, if practicable, not to disclose PHI or Proprietary or Financial Information to deponents who do not already have that information. For depositions taken as part of this case, the portions of deposition transcripts with CONFIDENTIAL Information and deposition exhibits with CONFIDENTIAL Information are to be treated as "CONFIDENTIAL." Nothing in this Protective Order shall limit any party's right to object to another party's designation of any Documents or information as CONFIDENTIAL Information. A party may object to the designation of CONFIDENTIAL Information by giving written notice to the party designating the disputed

information. The written notice shall identify the information to which the objection is made. After notification of such objection, the parties shall confer and attempt to resolve the issue informally before involving the Court. If the parties cannot resolve the objection within fifteen (15) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If the disputed CONFIDENTIAL Information is attached to such a motion, it shall be filed under seal and retain the mark "CONFIDENTIAL." If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. The burden of establishing that the information at issue should be designated as CONFIDENTIAL is on the Party asserting that the information should be CONFIDENTIAL.

17. Nothing in this Protective Order shall give any party a basis to withhold or slow the production of Documents. If a party files a motion under Paragraph 16, and if the Court rules against the producing party, that party shall reproduce that same information without the designation.

18. The failure to designate any Documents as "CONFIDENTIAL" as provided in this Protective Order shall not constitute a waiver of a party's right to assert that the Documents are CONFIDENTIAL Information covered by this Protective Order, as long as the production of such information was inadvertent and the designating Party notifies the receiving Party of the inadvertent production within fifteen (15) days of discovery of the inadvertent production.

19. Any production before this Protective Order was entered of Documents with PHI or Proprietary or Financial Information that were not designated in accordance with this Protective Order does not violate this Protective Order. Documents with PHI or Proprietary or Financial Information produced

before this Protective Order was entered that were not designated in accordance with this Protective Order that a Party claims are entitled to protection as CONFIDENTIAL Information under the terms of this Protective Order may be mutually agreed to be treated as CONFIDENTIAL Information without the need for reproduction of the Information with the "CONFIDENTIAL" designation.

20. Nothing in this Protective Order shall prevent any party from objecting to discovery on any basis permitted under the Federal Rules of Civil Procedure.

21. This Protective Order does not constitute a ruling on the question of whether any particular Document is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any Document.

22. The provisions of the Protective Order do not supersede other provisions of 45 C.F.R. § 164.512(e) that otherwise permit or restrict uses or disclosures of protected health information.

23. Nothing in this Protective Order shall be construed as precluding a party from objecting to the use of CONFIDENTIAL Information on grounds other than confidentiality or be construed as relevant to the issue of whether any Document or information is or is not admissible into evidence in this case.

24. In the event of a request by a non-party for disclosure of an opposing party's CONFIDENTIAL Information (e.g., a subpoena), the party will protect the opposing party's CONFIDENTIAL Information must (a) promptly notify in writing the opposing party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this order; and (c) cooperate with respect to all reasonable procedures pursued by the opposing party whose Confidential Information may be affected. The opposing party must notify the subpoenaed party within five (5)

calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the CONFIDENTIAL Information.

  (a) If the opposing party timely seeks a protective order, the subpoenaed party shall not produce any CONFIDENTIAL Information before a determination by the court from which the subpoena or order issued, unless the opposing party consents to such production in writing. The opposing party shall bear the burden and expense of seeking protection of its CONFIDENTIAL Information in the court that issued the subpoena or court order.

  (b) If the opposing party fails to object or seek a protective order from the court within thirty (30) calendar days of receiving the notice and accompanying information, the opposing party may produce the CONFIDENTIAL Information responsive to the subpoena or court order.

  (c) Nothing in these provisions should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.

25. If a non-party produces Documents as part of this case, the non-party may designate such Documents as CONFIDENTIAL Information and all Documents so designated shall be subject to the terms of this Protective Order and shall be entitled to the protections afforded herein.

26. If a party produces documents that would otherwise be protected by the Privacy Act, this Protective Order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production.

27. The procedures for use of CONFIDENTIAL Information during any hearing or the trial of these matters shall be controlled by the Court's order or

1 | orders for the hearing or trial.

2 |     28.    Nothing in this Protective Order shall prevent any Party from seeking
3 | modification of this Protective Order for good cause.

5 | **IT IS SO ORDERED.**

7 | DATED: 10/27/17

                            UNITED STATES MAGISTRATE JUDGE

9 | DATED: October 26, 2017     Respectfully submitted,

                            KHOURI LAW FIRM, APC

12 |                         By:   */s/ Andrew B. Goodman*
                                MICHAEL J. KHOURI
                                Email: mkhouri@khourilaw.com
                                ANDREW B. GOODMAN
                                Email: agoodman@khourilaw.com
                                Attorneys for qui tam plaintiff,
                                JANE WINTER

17 | DATED: October 26, 2017     Respectfully submitted,

                            LAW OFFICES OF MICHAEL D.
                            GONZALEZ

21 |                         By:   */s/ Andrea D. Vazquez*
                                MICHAEL D. GONZALEZ
                                Email: mgonzalez@mdglaw.net
                                ANDREA D. VAZQUEZ
                                Email: avazquez@mdglaw.net
                                Attorneys for defendant,
                                PRODE PASCUAL, M.D.

25 | DATED: October 26, 2017     Respectfully submitted,

                            SPERTUS, LANDES & UMHOFER, LLP

28 |                         By:   */s/ Elizabeth J. Lee*

|   |   |
|---|---|
| | MATTHEW DONALD UMHOFER |
| | Email: matthew@spertuslaw.com |
| | ELIZABETH J. LEE |
| | Email: elizabeth@spertuslaw.com |
| | Attorneys for defendants, |
| | ROLLINSNELSON LTC CORP., VICKI ROLLINS, and BILL NELSON |

DATED: October 26, 2017          Respectfully submitted,

GIBSON DUNN & CRUTCHER, LLP

By:   /s/ James L. Zelenay, Jr.
      THAD A. DAVIS
      Email: TDavis@gibsondunn.com
      JAMES L. ZELENAY, JR.
      Email: JZelenay@gibsondunn.com
      VIVEK GOPALAN
      Email: VGopalan@gibsondunn.com
      Attorneys for defendants,
      BERYL WEINER and S&W HEALTH MANAGEMENT SERVICES, INC.

**[PROPOSED] PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF HEALTH INFORMATION AND CONFIDENTIAL INFORMATION**